08-5781-ag
Ibrahim v. Holder
BIA
Hom, IJ
A090 347 426

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of March, two thousand ten.

PRESENT:
>            ROSEMARY S. POOLER,
>            REENA RAGGI,
>            DEBRA ANN LIVINGSTON,
>                      *Circuit Judges*.

————————————————————————————————

JOYCE SUSININGSIH IBRAHIM,
>       *Petitioner*,

>       v.                                     08-5781-ag
>                                              NAC

ERIC H. HOLDER, JR.,[1] U.S. ATTORNEY
GENERAL,
>       *Respondent*.

————————————————————————————————

FOR PETITIONER:          H. Raymond Fasano, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General, Linda S. Wernery, Assistant Director, Trish Maskew, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Joyce Susiningsih Ibrahim, a native and citizen of Indonesia, seeks review of an October 30, 2008 order of the BIA affirming the July 30, 2007 decision of Immigration Judge ("IJ") Sandy Hom, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Joyce Susiningsih Ibrahim*, No. A090 347 426 (B.I.A. Oct. 30, 2008), *aff'g* No. A090 347 426 (Immig. Ct. N.Y. City Jul. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's factual findings under the substantial evidence standard. *See, e.g.*, *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *See*

2

*Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

We find that the record supports the agency's determination that Ibrahim failed to demonstrate that she suffered past persecution or that she has a well-founded fear of future persecution.  Ibrahim argues that, viewed cumulatively, the incidents of mistreatment she endured rise to the level of persecution.  Despite this argument, we cannot find that the agency erred in reaching the opposite conclusion.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).  Absent a showing of past persecution, Ibrahim was not entitled to any presumption of a well-founded fear of future persecution.  *See* 8 C.F.R. § 1208.13(b).  Moreover, the agency's analysis of her pattern or practice claim was proper.  *See Matter of A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *Mufied v. Mukasey*, 508 F.3d 88, 93 (2d Cir. 2007).[2]  The agency also properly concluded that Ibrahim failed to demonstrate that it would be unreasonable for her to relocate to another part of Indonesia.  *See* 8 C.F.R. § 1208.13(b)(2)(ii).

---

[2] In *Mufied*, we granted the petition for review where the BIA failed to consider the petitioner's pattern or practice claim.  508 F.3d at 93.  Here, by contrast, the agency considered Ibrahim's claim and properly rejected it.

Because Ibrahim was unable to show the well-founded fear of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claim for withholding of removal where such claim rested on the same factual predicate.  *See* 8 U.S.C. § 1231(b)(1)(A); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).

Finally, because Ibrahim failed to challenge the agency's denial of her CAT claim in her brief to this Court, we deem any such argument waived.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk